IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELLEN MILLER and CHARLES FEUER, w/h | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 22-2495 |
| WHOLE FOODS MARKET, INC. and | : | |
| WHOLE FOODS MARKET, INC. | : | |

**M E M O R A N D U M**

**Chief Judge Juan R. Sánchez**                                   **November 15, 2022**

This case is presently before the Court for adjudication of Plaintiffs Ellen Miller and Charles Feuer's Motion for Remand to the Court of Common Pleas of Philadelphia County pursuant to 28 U.S.C. §1446.  The Court finds removal was proper and the motion shall  therefore be denied.

**FACTUAL BACKGROUND**

On November 7, 2021, Miller fell on an allegedly slippery floor while shopping at a Whole Foods Market in Wynnewood, Pennsylvania.  Compl., ¶ 11. ECF No. 1.  Miller avers she suffered an acute comminuted fracture of the left knee which required her to use an immobilizer on her left leg.  *Id.* ¶ 14.  The resulting injury led Miller to fall again on December 14, 2021, aggravating a pre-existing right shoulder rotator cuff tear, and causing other injuries to her left leg,  shoulders, and nervous system, as well as "agonizing aches, pains and mental anguish." *Id.*

On March 18, 2022, Miller and her husband Charles Feuer[1] filed a complaint in the Philadelphia County Court of Common Pleas against the Whole Foods Market in Wynnewood and

---

[1] In the interest of brevity, the plaintiffs shall hereafter be referred to collectively as "Miller."

Whole Foods Market, Inc. ("WFM") seeking damages for Miller's injures and Feuer's loss of consortium. *Id.* ¶¶ 12-19.  The complaint demanded damages in excess of $50,000 in compliance with Pennsylvania Rule of Civil Procedure 1021(c), which requires the plaintiff to "state whether the amount claimed does or does not exceed the jurisdictional amount requiring arbitration referral by local rule." *See also Berry v. Walmart Stores,* 583 F. Supp. 3d 671, 672 n.1 (E.D. Pa. 2022) ("Put differently, when filing the Complaint in the Philadelphia Court of Common Pleas, Plaintiff was only required to plead an amount in excess of $50,000 to avoid arbitration referral.").  The complaint was properly served on WFM on March 25, 2022.

On April 5, 2022, WFM filed its Answer to the Complaint with New Matter.  Def's Answer ¶¶ 1, 20.  ECF No. 6.  In this pleading, WFM averred that Miller's claimed damages, "if proven, are valued in an amount equal to or lesser than $75,000 exclusive of interest and costs." *Id.* ¶ 26.  In the two months following WFM's Answer, Miller did not respond to discovery requests.  Def's Removal Notice, ¶¶ 8-12. ECF No. 1.  Shortly before the June 24, 2022 Case Management Conference, Miller filed a Case Management Memo (CMM) with the Court of Common Pleas, in which she stated her "demand is $1,000,000, at this time but is subject to change pending further developments." *Id.* ¶ 12. *See* ECF No. 1-8.

On June 27, 2022, WFM filed a Notice of Removal to this Court on the ground that the CMM was the first notice it had that the case was removable.  Def's Removal Notice, ¶¶ 15-16.  In response, Miller filed this motion to remand, asserting that removal was untimely as WFM should have reasonably and intelligently concluded the case was removable from the face of the complaint.  Pl's Mot. to Remand, ¶ 9.  ECF No. 7.

**STANDARDS GOVERNING MOTIONS TO REMAND**

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants to the district court of the United States for the district and division embracing the place where such action is pending."  Original jurisdiction in the federal courts exists when the parties are of diverse citizenship and the amount in controversy exceeds $75,000.  28 U.S.C. §1332(a).  A notice of removal shall be filed within 30 days following the defendant's receipt of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable," if the complaint did not make it clear that it could be removed.  28 U.S.C. § 1446(b).  This thirty-day requirement is "only triggered when the four corners of the pleading . . .  informs the reader, to a substantial degree of specificity, [that] all elements of federal jurisdiction are present."  *In re Asbestos Prods. Liab. Litig. (No. VI)*, 770 F. Supp. 2d 736, 740 (E.D. Pa. 2011) (quoting *Foster v. Mut. Fire Marine & Inland Ins. Co.*, 986 F.2d 48, 53 (3d Cir. 1993)).

"The 'four corners' approach is an objective test: 'the issue is not what the defendant knew, but what the relevant document said.'"  *Kukla v. Walmart Stores*, Civ. No. 17-4528, 2017 WL 6206261, at *6 (E.D. Pa. Dec. 7, 2017) (quoting *In re: Asbestos*, 770 F. Supp. 2d at 740).  Additionally, "the defendant has no independent duty to investigate whether or not a case is removable."  *Id.* (citing *Portnoff v. Janssen Pharms.,* Inc.*,* 237 F. Supp. 3d 253, 261 (E.D. Pa. 2017)).  If there are doubts that these requirements are met, "all doubts should be resolved in favor of remand."  *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992).  The party moving

3

for the removal has the "burden of showing that the case is properly before the federal court."
*Frederico v. Home Depot*, 507 F.3d 188,193 (3d Cir. 2007).

**DISCUSSION**

Miller contends this case was improperly removed to federal court because WFM should have been able to "reasonably and intelligently" conclude from the face of the complaint that it was removable. Mot. to Remand, ¶ 9. Thus, WFM's removal four days after the CMM was filed was untimely as it occurred 94 days after the complaint was served.

The time for removal from a state to a federal court is set by 28 U.S.C. § 1446(b), which states the following in pertinent part:

> **(1)** The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after service of the summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> . . .
>
> **(3)** Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable.

In analyzing the propriety of removal where questions exist as to the amount in controversy, courts must start with a "reading of the complaint filed in the state court." *Samuel-Basset v. Kia Motors Am., Inc*, 357 F.3d 392, 398 (3d Cir. 2004). If the state court complaint easily fixes the amount in controversy dispute, then the analysis ends. *Id.* However, where, as here, there is a factual dispute as to the amount in controversy, courts must resolve this dispute using the legal certainty test. *Id.* Under this test, if from the face of the pleadings, "it is apparent to a legal

certainty that the plaintiff cannot recover the amount claimed, or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, … the suit must be dismissed." *Id.* at 397.  Thus, if a party seeks to litigate in federal court, they bear the burden of showing the case is properly before the court; in removals, the defendant has the burden to show to a legal certainty that the amount in controversy exceeds the jurisdictional minimum. *Samuel-Basset,* 357 F.3d at 396, 398.

When reading state court complaints, "estimations of the amounts recoverable must be realistic" such that the "[t]he inquiry should be objective and not based on fanciful, 'pie-in-the-sky' or simply wishful amounts, because otherwise the policy to limit diversity jurisdiction will be frustrated." *Id.* at 403.  "In cases with demands of indeterminate value, 'the amount in controversy is not to be measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated.'" *Inaganti v. Columbia Prop. Harrisburg LLC*, Civ. No. 10–1651, 2010 WL 2136597, at *3 (E.D. Pa. May 25, 2010) (quoting *Angus v. Shelly Inc.*, 989 F.2d 142, 146 (3d Cir. 1993).  Thus, "[w]here it appears that the plaintiff is demanding in excess of $75,000, that will be treated as the amount in controversy, unless it 'appears to a legal certainty that the plaintiff *cannot* recover the jurisdictional amount.'" *Riconda v. US Foods, Inc.*, No. 19-1111, 2019 WL 1974831, at *4 (D.N.J. May 5, 2019) (quoting *Frederico*, 507 F.3d at 197).

Of course, in addition to assessing the amount in controversy in removal cases, the courts must also determine the timeliness of removal.  Until very recently, two methods were typically employed to do so: the bright-line approach and the subjective inquiry approach.  *Id.* at *5.  Under the bright-line approach, "the 30-day removal clock does not begin to run until the defendant receives a pleading or other paper that affirmatively and unambiguously reveals that the predicates for removal are present." *Judon v. Travelers Prop. & Cas. Co. of Am.,* 773 F.3d 495, 509, n.13

(3d Cir. 2014).   Under the second, subjective inquiry approach, the threshold consideration was "whether, although the complaint does not quantify damages, the defendant can reasonably and intelligently conclude from the pleadings that the amount in controversy exceeds the jurisdictional minimum." *Riconda*, 2019 WL 1974831 at *6 (quoting *Carroll v. United Airlines*, *Inc.*, 7 F. Supp. 2d 516, 521 (D.N.J. 1998).

In *McLaren v. UPS Store, Inc.,* 32 F.4th 232 (3d Cir. 2022), the Third Circuit rejected application of the subjective approach.   In the interest of sparing courts from the "arduous inquiries into defendants' state of mind," necessitated by the subjective approach, the Third Circuit instead held the bright-line approach was in keeping with "the text of §1446(b)," as it "requires that courts focus on what the defendant receives, not on what knowledge it possesses."   *McLaren,*. 32 F.4th at 238.   "Whether removal is timely under §1446(b) depends on 'whether [a] document [the defendant receives] informs the reader, to a substantial degree of specificity, [that] all the elements of federal jurisdiction are present.'"   *Id.*   (quoting *Foster v. Mut. Fire Marine & Inland Ins. Co.*, 986 F.2d 48, 53 (3d Cir.)).   Thus, "if a [c]omplaint does not plead specific damages, and does not otherwise make clear that the amount in controversy exceeds $75,000, the 30-day clock for removal does not begin to run until the defendant receives a document that clearly states the amount in controversy is more than $75,000." *Riconda*, 2019 WL 1974831, at *5.

In this case, Miller's complaint did not put WFM on notice of the complaint's removability, as it averred only that she suffered serious, disabling and permanent personal injuries without alleging any monetary amounts.   Compl. at ¶13.   As to Feuer, the complaint pled he was "deprived of the love, assistance, companionship, consortium and society of his wife ... all to his great loss and detriment."   *Id.* at ¶ 19. These allegations did not put WFM on notice that the plaintiffs were seeking more than $75,000, so the statutory period for removal did not start when the complaint

was served.  It was not until the CMM was filed that WFM was notified the demand was "$1,000,000, … but is subject to change pending … further developments."  CMM, ¶ 3.  As have a number of others in this district, this Court finds the CMM counts as the "other paper" within the meaning of § 1446(b)(3) which started the thirty-day removal period.[2]  *See, e.,g., Rosenfield v. Forest City Enterprises, L.P.,* 300 F. Supp. 3d 674, 678 (E.D. Pa. 2018); *Kukla v. Wal-Mart Stores East, L.P.,* Civ. No. 17-4528, 2017 WL 6206261 at *10 (E.D. Pa. Dec. 8, 2017).  Because WFM removed this case within thirty days of receipt of the CMM, the parties are diverse, and the amount in controversy is above the $75,000 threshold, removal was proper and the motion to remand will be denied.

An appropriate Order follows.

BY THE COURT:

/s/  Juan R. Sánchez

_____

Juan R. Sánchez,        C.J.

---

[2]  A survey of caselaw in this circuit reflects the "other paper" must be written but is otherwise an inclusive phrase that covers a wide array of documents.  *Bishop v. Sam's East, Inc.*, Civ. No. 08-4550, 2009 WL 1795316 at * 4 (E.D. Pa. June 23, 2009) (citing, *inter alia, Brown v. Modell's PA II, Inc.,* Civ. No. 08-1528, 2008 WL 2600253, at *3 (E.D. PA. July 1, 2008), *CPR Restoration & Cleaning Servs., LLC v. Fedorowycz*, Civ. No. 09-657, 2009 WL 1012467 at * 2 (E.D. Pa. Apr. 14, 2009), and *Efford v. Milam,* 368 F. Supp. 2d 380, 384 (E.D. Pa. 2005)).  A broad reading of this term "is consistent with the statute's purpose to commence the running of the thirty day period once the defendant receives actual notice that the case has become removable, which may be communicated in a formal or informal manner."  *Rosenfield,* 300 F. Supp. 3d at 678.